1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JENELLE FLEMING AND CHAD          Case No.  2:23-cv-01666-JDP (PC)
     WATTS,
12                                     FINDINGS AND RECOMMENDATION
                   Plaintiffs,         THAT PLAINTIFFS' CLAIMS MAY
13                                     PROCEED PAST SCREENING, BUT
            v.                         SHOULD BE STAYED PENDING STATE
14                                     CRIMINAL PROCEEDINGS
     MICHAEL KACHALKIN, *et al.*,
15                                     ECF No. 1
                   Defendants.
16                                     ORDER GRANTING PLAINTIFFS'
                                       APPLICATIONS TO PROCEED *IN FORMA
17                                     PAUPERIS*

18                                     ECF Nos. 2 & 5

19

20

21          Plaintiffs allege that defendants Kachalkin and Gibson, officers with the Stockton Police

22   Department, violated their constitutional rights.  ECF No. 1.  Having reviewed the complaint, I

23   find that it contains two separate constitutional claims, only one of which is suitable to proceed.

24   Defendant Watts alleges that defendants violated his rights by using excessive force against him

25   during his arrest.  *Id.* at 6, 9.  Defendant Fleming alleges that the officers violated her First

26   Amendment rights by trying to prevent her from filming her fiancé's arrest.  *Id.* at 8.  Fleming's

27   claims can proceed, but Watts' claims, insofar as they appear to implicate ongoing state

28

1

proceedings, should be stayed.  I will grant plaintiffs' applications to proceed *in forma pauperis*.
ECF Nos. 2 & 5.

**Screening Order**

**I.        Screening and Pleading Requirements**

A federal court must screen the complaint filed by any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

2

1

2

## II.    Analysis

Plaintiffs allege two separate constitutional violations.  Plaintiff Watts alleges that defendants used excessive force against him during his arrest.  ECF No. 1 at 6, 9.  He also notes, however, that he is facing charges for resisting arrest and argues that those charges should be dropped.  *Id.* at 9.  These excessive force claims will necessarily examine the same facts as the state court criminal allegations, involve the same witnesses, and potentially implicate plaintiff's Fifth Amendment right against self-incrimination.  Accordingly, I find that these claims should be stayed pending disposition of the state court criminal proceedings.  *See Martin v. Gutierrez*, No. 1:22-cv-00600-ADA-BAM (PC), 2023 U.S. Dist. LEXIS 62484, *1 2023 U.S. Dist. LEXIS 62484, *4 (E.D. Cal. Apr. 10, 2023) ("When a civil plaintiff brings claims under § 1983 that are related to rulings that will likely be made in a pending or anticipated criminal trial, it is common practice for the court to stay the civil action until the criminal case or the likelihood of a criminal case is ended.") (internal quotation marks omitted) (citing *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)).

By contrast, whether defendants violated plaintiff Fleming's First Amendment rights when they prevented her from filming the arrest does not necessarily have any issues that overlap with a consideration of the resisting arrest charges.  *See Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995) (recognizing a "First Amendment right to film matters of public interest.").  Thus, her claims may proceed.  However, rather than have two sets of claims proceeding at different paces in the same case, potentially resulting in two rounds of discovery and dispositive motion practice, I recommend that the entire action be stayed pending resolution of the state charges against Watts.  *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

Accordingly, it is ORDERED that:

1.  Plaintiffs' applications to proceed *in forma pauperis*, ECF Nos. 2 & 5, are GRANTED.4

2.  The Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that:

1. This action be stayed pending the resolution of the state court proceedings against plaintiff Watts.

2. If these recommendations be adopted, plaintiffs be directed to file monthly status updates as to the status of the criminal proceedings.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    December 11, 2023    _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4