UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAD E. WATTS & JENELLE FLEMING,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL KACHALKIN, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-01666-KJM-JDP (PC)<br><br>**ORDER TO SHOW CAUSE**<br><br>RESPONSE DUE WITHIN TWENTY-ONE DAYS |

On February 29, 2024, the court stayed this action pending resolution of the state court proceedings against plaintiff Watts and directed plaintiffs to file monthly status updates as to the status of Watts criminal proceedings.  ECF No. 7.  To date, plaintiffs has not filed a response.

To manage its docket effectively, the court requires litigants to meet certain deadlines. The court may impose sanctions, including dismissing a case, for failure to comply with its orders or local rules.  *See* Fed. R. Civ. P. 41(b); E.D. Cal. L.R. 110; *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988).  Involuntary dismissal is a harsh penalty, but a district court has a duty to administer justice expeditiously and avoid needless burden for the parties.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); Fed. R. Civ. P. 1.

I will give plaintiffs a chance to explain why the court should not dismiss the case for their

1

failure to comply with the court order.  Plaintiffs' failure to respond to this order will constitute another failure to comply with a court order and will result in a recommendation that this action be dismissed.  Accordingly, plaintiffs are ordered to show cause within twenty-one days why this case should not be dismissed for failure to comply with court orders.  Should plaintiffs wish to continue with this lawsuit, they shall file, within twenty-one days, a status update as directed in the court's February 29, 2024 order.

IT IS SO ORDERED.

Dated:    July 10, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE